IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL HARPER, A-86099 )  )  Plaintiff, )  )  vs. )  )  VENERIO SANTOS, M.D., )  DR. RAVINDRA GEORGE, )  LOUISE SCHICKER, M.D., )  LISA KREBS, )  JANET ROBERTS and )  TERRI DEAN, )  Defendants. ) | Case No. 12-cv-1188-GPM |

# MEMORANDUM AND ORDER

**Murphy, District Judge:**

Plaintiff, Nathaniel Harper, is currently incarcerated at Centralia Correctional Center, ("Centralia") and has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations. Plaintiff claims Defendants showed deliberate indifference to his serious medical needs. Specifically, Plaintiff states on December 3, 2010, he suffered severe pain from a double hernia. While at the health care unit, Plaintiff was repeatedly ignored by Defendant Dean. Ultimately however, Plaintiff received surgery at St. Mary's Hospital in Centralia. Plaintiff stayed in the health care unit after his surgery and while there, he suffered from infections, gout and other medical complications due to the deliberate indifference of Defendants Dean and Santos.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has stated a colorable federal claim against Defendants Dean and Santos for deliberate indifference.

However, Plaintiff's claim against Defendants Schicker, Chief of Health Services, Health Professionals, Lisa Krebs, Health Care Administrator at Centralia, and Janet Roberts, Director of Nursing at Centralia, fails to state a claim upon which relief can be granted. In general, there is no respondeat superior liability under § 1983; a plaintiff must demonstrate that supervisory officials are personally responsible for alleged deprivations. *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 694 (1978). Here, there is no allegation on the part of Plaintiff that any of these three Defendants were *personally responsible* for acts deliberate indifference to Plaintiff. Defendants Schicker, Krebs and Roberts simply cannot incur liability through their supervisory or administrative positions. These three Defendants are dismissed from this action with prejudice.

Plaintiff also fails to state a claim for deliberate indifference against Ravindra George, M.D. (the surgeon at St. Mary's who repaired Plaintiff's hernias). It is unclear whether Dr. George has a contractual relationship with the state of Illinois. Yet this issue need not be reached since Plaintiff only suffered a puncture when Dr. George was "sewing [him] up" (Doc. 1, p. 7). Plaintiff was returned to surgery and the puncture was repaired. Medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997); *see also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). The facts, as pleaded, do not rise to the level of deliberate indifference on the part of Dr. George. Accordingly, Dr. George is dismissed from this action with prejudice.

**Pending Motions**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

**Disposition**

Defendants **SCHICKER**, **KREBS**, **ROBERTS** and **GEORGE**, are **DISMISSED** from this action **with prejudice**.

The Clerk of Court shall prepare for Defendants **DEAN** and **SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper

received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Wilkerson for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this

order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:**  January 16, 2013

                                                  /s/ *G. Patrick Murphy*
                                                    G. PATRICK MURPHY
                                                    United States District Judge