IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL HARPER, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1188-GPM-DGW |
| ) | |
| VENERIO M. SANTOS, et al., ) | |
| ) | |
|    Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, Nathaniel Harper, on July 15, 2013 (Doc. 22), the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff on July 15, 2013 (Doc. 23), and the Motion for Extension of Time filed by Plaintiff on August 1, 2013. The Motion for Recruitment of Counsel is **DENIED**, the Motion for Leave to Proceed *in forma pauperis* is **DENIED AS MOOT**, and the Motion for Extension of Time is **GRANTED**.

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case –

factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656.

Recruitment of counsel is not warranted in this case. Plaintiff represents that he has some high school education. Plaintiff's filings reveal that he is capable of reading and writing English, that he is able to seek relief, and that he can clearly articulate his claims. Plaintiff claims that his complaints of pain to his abdominal area were ignored by Defendants, that his complaints after hernia surgery were ignored, and that Defendants failed to adequately provide post-surgery care, all while he was housed at Centralia Correctional Center. Plaintiff has made no showing that he is having difficulty conducting discovery, that extensive discovery is required, or that he lacks the capacity to prosecute this claim without counsel. Therefore, his request for recruitment of counsel is **DENIED**.

The Court notes that Plaintiff is already proceeding *in forma pauperis* and that this second request is **MOOT.**

Finally, Plaintiff seeks an additional 60 days to conduct discovery. The current discovery deadline is October 1, 2013. The motion is **GRANTED**. The discovery deadline is **RESET** to December 1, 2013 and the Dispositive Motion filing deadline is **RESET** to January 3, 2014.

**IT IS SO ORDERED.**

**DATED: August 2, 2013**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**