IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATHANIEL HARPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-cv-1188-NJR-DGW |
| ) | |
| VENERIO M. SANTOS and TERRI DEAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Compel filed by Plaintiff on April 7, 2014 (Doc. 37) and the Motion to Stay re Motion for Summary Judgment filed by Plaintiff on May 16, 2014 (Doc. 42). For the reasons set forth below, the Motion to Compel continues to be **TAKEN UNDER ADVISEMENT** and the Motion to Stay is **MOOT**.

In his Motion to Stay and Compel, Plaintiff indicates that he served discovery request prior to January 30, 2014 and that Defendants wholly failed to respond, even after he inquired as to response on April 3 and 24, 2014. On June 2, 2014, the Motions were taken under advisement (Doc. 44) pending Plaintiff's submission of the discovery requests to which he indicated Defendants failed to respond. In response to this Court's Order, Plaintiff provided his first set of interrogatories, to both Defendants, and a request for production of documents, all of which is undated (Doc. 48). Plaintiff also has provided responses that appear to be dated May 22, 2014. These same responses were filed by Defendants on June 3, 2014 (Doc. 46) – although Defendants have not responded to Plaintiff's Motions.

From these documents, the Court gathers that Plaintiff served his discovery requests prior

to January 30, 2014 but that Defendants failed to respond in a timely manner. Moreover, it appears to the Court that Defendants elected to serve responses after the Motion to Compel was filed and after they had filed their Motion for Summary Judgment, thus placing Plaintiff in the untenable position of having to respond to a Motion for Summary Judgment without first acquiring discovery responses.

Federal Rule of Civil Procedure 33(b)(2) provides that answers to interrogatories must be served within 30 days of service of the interrogatory unless a shorter or longer time is agreed upon between the parties. Rule 34(b)(2) similarly provides for a 30 day response deadline. Plaintiff served his discovery requests in a timely manner, that is, at least 30 days prior to the discovery deadline, but Defendants failed to respond in a timely manner. Rule 37 provides that if this Court granted Plaintiff's Motion to Compel (or if the disclosure was made after the motion to compel was filed, which is the case here), sanctions "must" issue, after an opportunity to be heard, unless Defendants can show "substantial justification" for failing to respond in a timely manner.

To that end, Defendants are **ORDERED** to show cause, in writing, why sanctions should not issue for their tardy discovery responses by **June 30, 2014**. The Motion to Stay is found as **MOOT** in light of Defendants' responses to Plaintiff's discovery requests. Plaintiff shall file a response to the Motion for Summary Judgment, filed on May 6, 2014 (Doc. 40) by July 11, 2014.

**IT IS SO ORDERED.**

**DATED: June 24, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**